UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-167-MOC
(5:13-cr-65-MOC-DCK-1)

| | |
|---|---|
| RUSSELL JAVON LINNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 7). Also pending are the Respondent's Motion to Dismiss, (Doc. No. 9), Petitioner's Motion to Strike, (Doc. No. 15), and Petitioner's Motion for Summary Judgment, (Doc. No. 24).

**I.    BACKGROUND**

In the underlying criminal case, Petitioner pled guilty straight up to a single count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). See (5:13-cr-65, Doc. No. 44).

The Probation Office issued the original Presentence Investigation Report ("PSR") calculated Petitioner's offense level as 25 and criminal history category of IV, with a guidelines range of 84 to 105 months' imprisonment and between one and three years of supervised release without any Chapter Four enhancements. (Id., Doc. No. 21).

The Government filed objections arguing that Petitioner qualifies for enhanced sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he has three or

1

more prior violent felony convictions that were committed on different occasions. (Id., Doc. No. 22).

Petitioner's counsel objected to the ACCA designation, arguing that he had only two separate prior violent felony convictions that were committed on different occasions because the geographic location, date of the offense, time of the offense, and nature of the crime were all the same for two of the three convictions. (Id., Doc. No. 23).

The final PSR included the ACCA enhancement. It concluded that Petitioner qualifies as an armed career criminal because the offense of conviction is a violation of § 922(g) and he has at least three prior convictions for a violent felony or serious drug offense, or both, that were committed on different occasions, *i.e.*, second-degree burglary convictions in North Carolina cases **11CRS51150, 11CRS51151,** and **11CRS50296**. (Id., Doc. No. 24 at ¶ 26). Three levels were deducted for acceptance of responsibility resulting in a total offense level of 31. (Id., Doc. No. 24 at ¶¶ 27-29). The PSR's criminal history section scored seven criminal history points and two more points were added because Petitioner committed the instant offense while under a criminal justice sentence. (Id., Doc. No. 24 at ¶¶ 50, 51). This resulted in a total of nine criminal history points and a criminal history category of IV, however, the criminal history category for career offenders is VI. (Id., Doc. No. 24 at ¶ 52). The resulting minimum mandatory sentence was 15 years' imprisonment, and the guidelines range was 188 months to 235 months' imprisonment followed by between two and five years of supervised release. (Id., Doc. No. 24 at ¶¶ 89, 92).

Petitioner filed a *pro se* letter objecting to the final PSR arguing that the three burglary convictions arose out of only two distinct criminal episodes, because two of them occurred "simultaneously" on December 31, 2009, and that Petitioner had co-defendants for those cases

whereas the cases cited by the United States involved only a single defendant which would have made simultaneous offenses by co-defendants impossible. (Id., Doc. No. 26 at 3).

Defense counsel filed a Sentencing Memorandum and Supplemental Objections to the PSR on Petitioner's behalf. (Id., Doc. No. 27). Counsel argued that the Government could not sustain its burden of proof that the ACCA enhancement requires because the Shepard-approved[1] documents do not conclusively demonstrate that Petitioner himself committed the two second-degree burglaries on December 31, 2009, on occasions different from one another "especially since at least two (2) co-defendants were involved." (Id., Doc. No. 27 at 2).

At the sentencing hearing on November 3, 2014, Petitioner stated that he was fully satisfied with the services of his attorney and had pleaded guilty freely and voluntarily. (Id., Doc. No. 45 at 2-3). In arguing that the two December 31, 2009 offenses should be counted as a single conviction, defense counsel argued:

> I did go to Statesville Superior Court. I wasn't able to pull – they couldn't locate the codefendants. One of the codefendant[s] was a Mr. Patrick Gardner. But I was able to make a copy of the restitution sheet from Mr. Linney's file. And it indicates that … the codefendant is a Mr. Patrick Wagner.…
>
> Unfortunately, they were not able to locate the file for me. But I have shown the government a copy of the restitution worksheet indicating there are codefendants involved.…
>
> [E]even though the indictment is not clear, it appears Iredell County, when they bring indictments against codefendants, everybody appears to be charged as a principal.

(Id., Doc. No. 45 at 13).

The Government argued that the certified North Carolina judgments show that the two December 31 burglaries should count as separate offenses because they each had a different victim and they occurred at different locations, and the facts that they were close in time and

---

[1] Shepard v. United States, 544 U.S. 13 (2005).

3

geographically close does not disqualify them from being separate and distinct criminal episodes. The only issue, the Government argued, was whether there were possible codefendants and that, to do so would require the Court to go beyond the Shepard-approved documents and look at the restitution sheet that refers to joint and several restitution; "as far as we know from the Shepard-approved documents, it could be a typo, it could be an oversight, it could be an order of joint and several liability with regard to restitution in another case that he was previously sentenced for." (Id., Doc. No. 45 at 18-19).

The Court found that "It does not appear that these were simultaneous offenses, but rather were sequential, as would be expected on burglary victim houses, albeit located near one another;" overruled defense objection and sentenced as ACCA. (Id., Doc. No. 45 at 21). The Court specifically found that the restitution pages' reference to joint and several liability "do not rise to the level of preponderance of the evidence in undermining the otherwise pertinent facts about the two offenses in question…." (Id., Doc. No. 45 at 23).

The Court therefore adopted the PSR including the ACCA enhancement and sentenced Petitioner at the top of the guidelines to 235 months' imprisonment followed by 5 years of supervised release. (Id., Doc. No. 29).

The issue on direct appeal was "whether two burglaries that served as part of the predicate for [Petitioner's] Armed Career Criminal Act … sentencing enhancement occurred on different occasions." United States v. Linney, 819 F.3d 747 (4th Cir. 2016). This Court found that the burglaries did, in fact, occur on different occasions and the Fourth Circuit affirmed. Id.

The original § 2255 Motion to Vacate, (Doc. No. 1), was filed by trial counsel along with a Motion asking the Court to appoint trial counsel to represent Petitioner in the § 2255 proceedings, (Doc. No. 2). The Court denied counsel's Motion in light the Standing Order appointing the

Federal Defenders of Western North Carolina addressing cases filed pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), 3:13-mc-196, and granted FDWNC an opportunity to enter an appearance and file an amended § 2255 petition. (Doc. No. 3).

FDWNC filed a "Supplemental" § 2255 Motion to Vacate on Petitioner's behalf on July 24, 2017, arguing: (1) Petitioner does not qualify as an armed career criminal, and therefore, his 235-month sentence exceeds the statutory maximum of 120 months; (2) counsel was ineffective for failing to adequately investigate information including readily-available state-court records to establish that Petitioner does not qualify as an armed career criminal; and (3) North Carolina second-degree burglary is not an ACCA predicate pursuant to Johnson. (Doc. No. 7).

The Court ordered the Government to respond to the § 2255 Motion to Vacate, and it filed a Motion to Dismiss arguing that: (1) the Fourth Circuit already affirmed Petitioner's qualification as an armed career criminal on direct appeal and Petitioner cannot relitigate on § 2255 review the claim that the burglaries did not occur on different occasions and the Court's conclusion was not erroneous; (2) Petitioner has failed to allege cognizable facts that would overcome the strong presumption, corroborated by the record, that counsel's investigation of the different-occasions theory was reasonable and he cannot establish that different performance would have resulted in a more favorable sentence; and (3) Petitioner's Johnson claim is procedurally defaulted and meritless. (Doc. No. 9).

Petitioner filed a Response to the Motion to Dismiss, (Doc. No. 14), arguing that the Fourth Circuit's appellate decision does not preclude the present § 2255 argument because it recognized that, if Petitioner worked with an accomplice, the neighboring houses could have been burglarized simultaneously by Petitioner and a co-defendant, and concluded that "[t]he record in this case … does not support [Petitioner's] suggestion of an accomplice." (Doc. No. 14 at 3) (quoting Linney,

5

819 F.3d at 753). Petitioner filed additional documents that counsel failed to procure before sentencing that, he claims, are <u>Shepard</u> documents, show that he acted with accomplice Sean Orlando Knox, that Petitioner and Knox were charged and convicted convicted of burglarizing neighboring homes in identical indictments on December 31, 2009.

The Government filed a Reply arguing that the state court documents that Petitioner filed in support of the § 2255 Motion to Vacate confirm that the ACCA sentence is correct and has failed to identify any basis for relitigating the Court's decision, that counsel's investigation was reasonable, and that Petitioner's § 2255 Motion to Vacate was not signed by Petitioner or his lawyer under penalty of perjury as required by the applicable rules. (Doc. No. 18).

Petitioner filed a Motion for Summary Judgment, (Doc. No. 24), arguing that he should be granted summary judgment or an evidentiary hearing because: (1) the newly-submitted documents relating to Petitioner's co-defendant, Sean Knox, warrant relief because they establish that his ACCA enhancement is erroneous and that his current sentence exceeds the statutory maximum; and (2) that trial counsel was ineffective for failing to obtain the newly-submitted documents in advance of Petitioner's sentencing. He argues that there is no genuine dispute of material fact that the documents establish that his two December 31 burglary convictions only qualify as a single predicate under ACCA, leaving him with fewer than three qualifying predicates, and that consideration of these documents is not precluded by the relitigation bar because the claim was never fully litigated in the Fourth Circuit and, even if it was, this claim fails within the manifest injustice exception because the sentence exceeds the statutory maximum.

The Government filed a Response arguing that Petitioner is not entitled to summary judgment or an evidentiary hearing because his own sworn declarations are inconsistent and he

has failed to carry his burden of proof in these § 2255 proceedings with regards to either an ACCA error or ineffective assistance of counsel, (Doc. No. 26).

Petitioner filed a Reply arguing that Fourth Circuit precedent dictates that the newly submitted records of Sean Knox show that he acted as Petitioner's accomplice during the December 31 burglaries and therefore Petitioner should not have received an ACCA enhancement, (Doc. No. 29).

## II. MOTION TO STRIKE

In his Motion to Strike, Petitioner seeks to strike the original § 2255 Motion to Vacate because Petitioner takes issue with some of the factual assertions that trial counsel made, and he asks the Court not to accept them as true. Petitioner explains that his factual assertions made in the original § 2255 Motion to Vacate by trial counsel conflict with his own version of events and that counsel's assertions should not be attributed to him.[2] The Government filed a Response opposing the Motion to Strike, but also arguing that the Motion to Strike is moot because the language at issue in the original § 2255 Motion to Vacate with which he disagrees was not filed under penalty of perjury, (Doc. No. 19). Petitioner filed a Reply, (Doc. No. 23).

The "Supplemental" § 2255 Motion to Vacate was filed by FDWNC on Petitioner's behalf after trial counsel had filed the original § 2255 Motion to Vacate. The Court will grant Petitioner's Motion to Strike and the "Supplemental" § 2255 Motion to Vacate filed by FDWNC will be treated as a superseding Amended § 2255 Motion to Vacate. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001); see, e.g., Moore v. United States, 2013 WL 655121 (W.D.N.C. Feb. 22, 2013)

---

[2] Counsel states that Petitioner first told her that he had accomplices in the December 31 burglaries after the conviction and sentence were affirmed on direct appeal, whereas Petitioner claims that he informed her of this fact prior to sentencing.

7

(finding that the government's answer and motion to dismiss the original § 2255 petition were moot in light of FDWNC's filing of an amended § 2255 petition pursuant to a standing order).

### III. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Summary judgment is appropriate when there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. See generally Fed.

8

R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); see, e.g., United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (addressing summary judgment in the context of § 2255).

IV. **DISCUSSION**

According to Petitioner, the "sole question" is whether he committed the two December 31 burglaries alone or with an accomplice; if an accomplice was involved, his case would be indistinguishable from United States v. Tucker, 603 F.3d 260, 266 (4th Cir. 2010), and ACCA would not apply. (Doc. No. 7) (Amended § 2255 Motion to Vacate). Petitioner asserts that his 235-month ACCA sentence exceeds the 120-month statutory maximum for violating § 922(g), and that counsel was ineffective for failing to adequately raise the issue at sentencing. Petitioner argues that his ACCA sentence should be vacated and that he should be resentenced within the unenhanced statutory maximum.

ACCA imposes a fifteen-year mandatory minimum sentence when a defendant who is convicted of violating § 922(g) has three prior convictions for a "violent felony," such as burglary, committed "on occasions different from one another." 18 U.S.C. §§ 924(e)(1), (e)(2)(B)(ii). For purposes of § 924(e)(1), offenses occur on occasions different from one another when each offense "arose out of a separate and distinct criminal episode." United States v. Boykin, 669 F.3d 467, 470 (4th Cir. 2012).

Whether offenses occur on separate occasions is determined by considering the following factors: (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantially different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) whether the defendant had the opportunity to make a conscious and knowing decision to engage in the next offense after committing the first offense. United States v. Letterlough, 63 F.3d 332, 335-37 (4th Cir. 1995).

9

These five factors can be considered "together or independently" and the "strong presence" of any one factor can "dispositively segregate and extended criminal enterprise into a series of separate and distinct episodes." Id. at 336. To undertake this analysis, courts may rely only on Shepard-approved sources documents because the question is the nature, not the existence of Petitioner's ACCA-qualifying prior convictions. See United States v. Span, 789 F.3d 320 (4th Cir. 2015) (there was no question about the existence of four ACCA-qualifying predicates, but what remained unclear was the nature of those predicates, *i.e.*, when Span committed the robberies, so the district court properly looked no further than the Shepard-approved documents); see Shepard, 544 U.S. at 13.

The Shepard-approved documents before the Court at sentencing were Petitioner's North Carolina indictments in the three burglary cases, the "transcript of plea," the Judgment and the accompanying restitution worksheet. See Linney, 819 F.3d at 749. The Judgment included the three predicate burglaries as well as a "slew of other crimes" including 17 breaking and entering offenses, two attempted breaking and entering offenses, and one possession of a stolen vehicle offense. Linney, 819 F.3d at 750. The Judgment states that restitution is joint and several with codefendants on an accompanying restitution worksheet which was incorporated into the Judgment by reference, which, in turn, lists 20 different victims from Petitioner's various offenses along with the restitution owed to each. The restitution worksheet includes a box below each victim's name noting whether another person was jointly and severally liable with Petitioner for the restitution owed to that victim. If another person was jointly and severally liable, the box would be checked and the other person's name would be noted. The victim in case number 11CRS51150, Ms. Corniacchione, is listed as a victim in the restitution worksheet but the box below her name remained unchecked and no other person's name was noted. The victim in case number

11CRS51151, Mr. Wilson, is not listed as a victim in the restitution worksheet at all. At the time of sentencing, the Court considered these documents and the Letterlough factors and determined that the two December 31 burglaries occurred on different occasions because any evidence of an accomplice did not defeat the Government's showing by a preponderance of the evidence and considered the restitution evidence insufficiently probative to sustain Petitioner's objection.

The Fourth Circuit affirmed, finding that the Court did not factually err in finding the existence of at least three of the five Letterlough factors, or legally err in concluding that the Government proved by a preponderance of the evidence that the two December 31 burglaries occurred on different occasions. Linney, 819 F.3d at 752.

The Fourth Circuit also addressed Petitioner's argument that the joint and several liability provisions and restitution worksheet indicate that he committed the two December 31 burglaries with an accomplice. It noted that, "if [Petitioner] worked with an accomplice on the night of December 31, 2009, [Petitioner] might have burglarized one of the houses while his accomplice simultaneously burglarized the other." Linney, 819 F.3d at 753. While this scenario would "likely result in two convictions for [Petitioner] … [w]hether it would satisfy the different occasions analysis required for application of the ACCA enhancement is another question." Id. The Fourth Circuit concluded that the record in this case does not support Petitioner's suggestion of an accomplice because "the Shepard-approved sources, including the indictments and judgment, show that [Petitioner] was charged alone and convicted alone." Id.

Petitioner now asks the Court to reconsider the accomplice portion of the Fourth Circuit's analysis based on newly discovered Shepard-approved evidence – the indictments and judgments of his accomplice, Mr. Knox – that were not before this Court at sentencing or the Fourth Circuit on direct appeal.

11

"It is well settled that a criminal defendant cannot "circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion." United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009)); see also United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.1976) (holding criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

However, the law of the case doctrine is not "a straightjacket that might cause a miscarriage of justice." White v. United States, 371 F.3d 900, 902 (7th Cir. 2004). Exceptions to this doctrine exist when, for instance, there has been a change in law or where newly discovered evidence prevented the issue from being fully and fairly litigated on direct appeal. See generally Davis v. United States, 417 U.S. 333 (1974) (petitioner can relitigate an issue on § 2255 review even if it was decided on direct appeal if there has been an intervening change of law); United States v. Palumbo, 608 F.2d 529 (3d Cir. 1979) ("in the absence of newly discovered evidence that could not reasonably have been presented at the original trial, a change in applicable law, incompetent prior representation by counsel, or other circumstances indicating that an accused did not receive full and fair consideration of his federal constitutional and statutory claims, a s 2255 petitioner may not relitigate issues that were adjudicated at his original trial and on direct appeal.") (footnotes omitted); Morgan v. United States, 438 F.2d 291 (5th Cir. 1971) (recognizing that an exception to the procedural bar exists for a claim of newly discovered evidence). Therefore, "previously available evidence is insufficient to revive a claim that was denied on direct appeal, unless that evidence could not reasonably have been included in the direct appeal record." United States v.

Caro, 733 Fed. Appx. 651, 653 (4th Cir. 2018), *certiorari filed* Nov. 26, 2018 (citing Townsend v. Sain, 372 U.S. 293 (1963), *overruled in part on other grounds by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992)).

Petitioner presently raises the same issue the Fourth Circuit decided on direct appeal except that he includes documents that were left out of the direct appeal record upon which Petitioner now relies to argue that his ACCA sentence is invalid. Petitioner's reliance on newly discovered evidence is unavailing. The present attempt to relitigate the accomplice issue is undermined by his claim that counsel was ineffective for failing to present evidence of Mr. Knox's indictment and conviction at the sentencing hearing. His assertion that counsel could have discovered the existence of an accomplice through reasonable investigation of the state court records defeats any assertion that the evidence about Mr. Knox could not reasonably have been included in the direct appeal. Petitioner's ACCA claim is therefore procedurally barred, no exception applies, and this claim will therefore be denied.

However, Petitioner also argues that his sentence is manifestly unjust because he does not qualify for the ACCA enhancement, which has resulted in a sentence beyond the statutory maximum. A sentence that exceeds the statutory maximum is sufficiently grave to be deemed a fundamental defect that inherently results in a complete miscarriage of justice. See United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) (savings clause context) (citing Davis, 417 U.S. at 346; Hill v. United States, 368 U.S. 424, 428 (1962)). Petitioner has adequately alleged this exception to the relitigation bar and the Court will therefore reach the merits of Petitioner's sentencing claim.

Petitioner was charged in case numbers 11CRS51150 and 11CRS51551 with second-degree burglary under North Carolina law. The elements of second-degree burglary under North Carolina law are: "(1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house

or sleeping apartment (5) of another (6) with the intent to commit a felony therein." State v. Irons, 189 N.C.App. 201, 204 (2008) (quoting State v. Key, 180 N.C.App. 286, 292, 636 S.E.2d 816, 821 (2006)); see N.C. Gen. Stat. § 14–51; State v. Simons, 65 N.C.App. 164, 166, 308 S.E.2d 502, 503 (1983) (whether or not the dwelling is occupied determines whether the offense is first-degree or second-degree)."[A]iding and abetting is not a substantive offense but just a theory of criminal liability, [so] allegations of aiding and abetting are not required in an indictment...." State v. Madry, 140 N.C.App. 600, 602, 537 S.E.2d 827, 829 (2000); see N.C. Gen. Stat. § 14-5.2. When a defendant pleads guilty, the plea "serve[s] as an admission of guilt as to all the facts listed in the indictment." State v. Hendricks, 138 N.C.App. 668, 531 S.E.2d 896 (2000).

The outcome in this case is dictated by United States v. Tucker, 603 F.3d 260 (4th Cir. 2010), in which the Fourth Circuit conducted a Letterlough analysis to determine whether the burglaries of several storage units occurred on separate occasions for purposes of ACCA. In Tucker, two factors could indicate that the two burglaries occurred on separate occasions: each storage unit is considered a separate location, and once the defendant broke into one unit he would have to make the conscious decision to break into another unit. However, in order for either of these two factors to establish that the offense occurred on different occasions, "the government must provide appropriate evidence that Tucker *himself* entered at least two storage units." Id. at 266. The Shepard-approved documents did not show that the burglaries happened on separate occasions. The judgments merely indicate that defendant pled guilty to two separate indictments for second-degree burglary and the indictments, which were identical, indicated that defendant acted with an accomplice but provided no information indicating that defendant himself participated in the burglary of more than one storage unit. South Carolina law holds a person who joins with another to accomplish an illegal purpose criminally responsible for any acts of his

accomplice in furtherance of a common design and purpose, so that "having been present at the crime scene, [defendant] could have pled guilty to more than one count of burglary based solely on the conduct of his accomplice." Tucker, 603 F.3 at 266; see State v. Condrey, 349 S.C. 184, 562 S.E.2d 320, 324 (Ct. App. 2002). Without evidence that the first crime ended before the second crime began, the Fourth Circuit could not determine "whether [defendant] committed the two burglaries sequentially on separate occasions or simultaneously with the aid of his accomplice." Id.

As in Tucker, the Government in the instant case "cannot point to any Shepard-approved document to demonstrate that [defendant] himself entered more than one unit." Id. Without that information, the Fourth Circuit could not determine that the defendant committed the offenses at separate locations or that he had the opportunity to make a conscious and knowing decision to commit more than one burglary," and therefore none of the Letterlough factors were definitively established to indicate that the offenses were committed on separate occasions. Id.; see also United States v. Fuller, 453 F.3d 274 (5th Cir. 2006) (vacating defendant's ACCA sentence on direct appeal because the court was unable to determine as a matter of law based on the indictments alone that burglaries happened on different occasions because the Texas statute holds a person criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; the record did not contain the written plea agreement, plea colloquy, or other Shepard-approved materials that would establish that the two offenses were sequential).

This Court's conclusion at sentencing and the Fourth Circuit conclusion on direct appeal were based on the absence of any conclusive evidence of an accomplice. See, e.g., United States v. Carr, 592 F.3d 636 (4th Cir. 2010) (finding Fuller inapplicable because Carr acted alone). Those

findings have now been undermined by Shepard-approved documents showing that another individual was charged in identical indictments and convicted in identical judgments, upon which the Court can no longer conclude that the two December 31 burglaries occurred on different occasions. Allowing the ACCA sentence to remain unchallenged in light of these Shepard-approved documents would work a manifest injustice. Absent Shepard-approved materials that show that Petitioner personally entered both of the dwellings, the Court cannot conclude that the offenses happened on different occasions. Therefore, the Court will vacate the ACCA sentence and set a resentencing hearing at its earliest convenience.

Because the Court has determined that relief should be granted on Claim (1), the Court will not separately analyze Petitioner's claim of ineffective assistance of counsel in Claim (2) or his Johnson argument in Claim (3), in the interest of judicial economy.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Petitioner's § 2255 Amended Motion to Vacate. Petitioner's 235-month sentence will be vacated and Petitioner's criminal case shall be placed on the Court's calendar for resentencing as soon as practicable. Petitioner shall remain in the custody of the Bureau of Prisons pending resentencing, which will be scheduled by separate order.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 7), is **GRANTED**.

2. Respondent's Motion to Dismiss, (Doc. No. 9), is **DENIED.**

3. Petitioner's Motion to Strike, (Doc. No. 15), and Petitioner's Motion for Summary Judgment, (Doc. No. 24), are **GRANTED**.

4. Petitioner's 235-month sentence is **VACATED**.

5. Petitioner shall be resentenced in accordance with this Order.

6. The Clerk of Court is directed to certify copies of this Order to the Petitioner, counsel for the Petitioner, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

7. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 21, 2019

Max O. Cogburn Jr
United States District Judge